## ESTATE OF JOHN SUMMERVILLE, DECEASED.

APPEAL BY J. A. SUMMERVILLE ET AL. FROM THE ORPHANS'
COURT OF ARMSTRONG COUNTY.

Argued October 15, 1889—Decided October 28, 1889.

1. After a sale of real estate under proceedings in partition, in which all the heirs at law were made parties, it is admissible to show before an auditor appointed to distribute the fund, that certain of the heirs by writing under seal had released their shares in the decedent's estate prior to his death.
2. The awarding of an inquest upon the petition filed, and the decree confirming the return made, are not conclusive of the rights of the parties, named in the petition, to be treated as tenants in common of the fund for distribution: Dutch's App., 57 Pa. 461.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 83 October Term 1889, Sup. Ct.; court below, No. 15 December Term 1885, O. C.

On June 7, 1882, upon the petition of Mrs. Emily Jane Ferguson, proceedings were instituted for the partition of the homestead farm of John Summerville, deceased. All the heirs at law of the decedent were named as parties interested. The proceedings advanced regularly until, under a decree therefor, the land was sold, and *Mr. H. L. Golden* appointed auditor to report distribution of the proceeds.

The auditor found that John Summerville died intestate on December 14, 1880, leaving to survive him the following children: J. H. Summerville, William Summerville, J. A. Summerville, Emily J. Ferguson, Sarah J. Dounze and Samuel M. Summerville; also, four grandchildren, who were minor children of J. F. Summerville, deceased.

There was produced before the auditor, with conflicting testimony as to some of the signatures thereto, the following paper, marked exhibit A:

"Know all men by these presents: that we the undersigned, heirs of John Summerville, do acknowledge to have received

Opinion of Court below.

from him all the portion of his estate either real, personal or mixed, that may be due or coming to us as heirs as aforesaid, unless otherwise arranged by his will.

"In witness whereof we have hereunto set our hands and seals this first day of April, 1862.

J. H. SUMMERVILLE, (SEAL)

"Attest:　　　　　　　　WM. SUMMERVILLE, (SEAL)

R. D. LAWSON,　　　J. A. SUMMERVILLE, (SEAL)

JOHN MCCAULEY.　　J. F. SUMMERVILLE. (SEAL)"

There was some evidence that in December, 1876, an agreement in writing, afterwards lost, was entered into between John Summerville, deceased, and his son Samuel M., by which Samuel was to have the farm at a valuation of $5,900, and was to keep his father as long as he lived for $1,000, the remaining $4,900 to be divided among the seven heirs; and after his father's death Samuel was to pay to the other heirs at law $700 each, retaining $700 as his own share, when a deed was to be made to him by his father's personal representatives.

The auditor found that the paper, exhibit A, was "a valid release of the shares of J. A., J. F., J. H. and Wm. Summerville, in the estate of John Summerville, their deceased father;" that "no contract between John and Samuel Summerville has any relevancy to this present distribution;" that the decree in partition was not conclusive as to the rights of the parties in the fund raised by the sale, and that the questions of release or advancement could be raised on distribution thereof. Distribution was reported accordingly.

Exceptions filed to the auditor's report, were disposed of by the opinion of the court, NEALE, P. J.:

This case presents a picture of family discord that cannot but awaken regret. The matter of a few hundred dollars has been sufficient to array brother and sister against each other in the most unseemly strife; and not only that, but the zeal and feeling which have been stirred up between the parties appear to have rendered some of them entirely forgetful of the sacred obligation of their oaths in an utter and shameful prostitution of the truth. The testimony in many of its features is bleared and polluted with falsehood. Most unfortunate indeed must be the moral sense of those who have thus violated their con-

sciences, and placed themselves for all time in the attitude of self-accusers. In this maze of uncertainty we will not attempt to decide who have told the truth and who have sworn falsely. The conclusion reached by the learned auditor, although by a different method than we would pursue, is, we think, the only one, under all the evidence, that he could reach.

The paper marked exhibit A was, we think, properly admissible; and when once admitted, the burden of overthrowing it was cast upon the parties who signed it, or whose names were subscribed to it.

—The court then reviewed at length the testimony relating to the execution of the paper, exhibit A, and proceeded:

Taking therefore, this testimony into consideration so far as the parties interested-are concerned, and leaving out the question of credibility which we are unable to pass upon, the weight of the testimony would seem to preponderate in favor of the authenticity of the paper. Leaving out all the testimony and taking into consideration the paper alone, supported by the testimony of George S. Reed, and the facts connected with its execution, age, and retention for so many years by John Summerville, we would feel constrained by the well known rules of evidence applying to written obligations, to hold that the release or receipt, marked exhibit A, is sufficiently established to have a binding effect upon the distribution.

As to the subsequent article entered into between John Summerville and Samuel M., the testimony is contradictory. There is strong testimony bearing upon the fact of the existence of the contract to the time of death of John Summerville, but this is denied by Samuel M. and Mrs. Cosgrove. However this fact may be, that contract, if it had been asserted, established title out of John Summerville at his death, which would have stood in the way of the proceedings in partition. Two actions in ejectment had been brought, by J. A. Summerville at No. 114 December Term 1882, and J. H. Summerville at No. 115 December Term 1882, against S. M. Summerville, but were evidently abandoned, as motions to discontinue were filed by plaintiffs in both cases. It would thus appear that by this action it was no longer asserted that the title was in S. M. Summerville.

The proceedings in partition were had with full notice, and the only duty that would then follow would be to make distribution of proceeds of sale.

Opinion of Court below.

We are, however, met by the objection that the decree in partition would be conclusive of the rights of the parties to be treated as tenants in common as to the fund representing the land, subject to distribution. It is true that the proceedings in partition and the decree do affect all parties to it who have not had notice, but the decree cannot be held to raise up a title to the fund if none exists. The very language of the release, exhibit A, explicitly relates to advancements made to the parties to it by the decedent, and only admits of a future allowance in case the decedent made a will. This he did not do. Therefore, by the authority of the case cited by exceptants' attorneys, Dutch's Appeal, 57 Pa. 461, it is held "that it is not too late after partition to settle advancements in the distribution of the valuation amongst those entitled."

It is, we may say, greatly to be regretted that the important and controlling question of fact involved in this case had not been submitted as an issue to a jury, when the witnesses could appear in propria persona, and their credibility subjected to the test more certain than that which is afforded by the mere reading of testimony. We confess that there has been much groping through darkness, in our endeavor to penetrate to the light, and which we even now do not feel an absolute assurance that we have finally obtained.

In accordance with this opinion, the exceptions to the auditor's report, so far as they affect this result, are dismissed, and the report of the auditor confirmed, and the fund directed to be paid out accordingly.

Thereupon J. A. Summerville, William Summerville, J. H. Summerville and J. A. Summerville, guardian of the minor children of J. F. Summerville, deceased, took this appeal, specifying that the court erred, inter alia:

3. In not awarding one seventh of the fund to the appellants.

4. In not finding and decreeing that by making the appellants parties to the partition and allowing the inquisition to be confirmed, the appellees were afterwards estopped from denying that all parties to the partition were tenants in common of the land, and in allowing the appellees thereafter to deny the tenancy in common by introducing the paper exhibit A.

5. In not finding that the contract of December, 1876, between John Summerville and Samuel M. Summerville was an abrogation of exhibit A, and was such "an otherwise" arranging by his will as was contemplated.

*Mr. Jos. Buffington* (with him *Mr. Orr Buffington, Mr. B. J. Reid* and *Mr. A. B. Reid*), for the appellants.

Counsel cited: Herr v. Herr, 5 Pa. 430; Vensel's App., 77 Pa. 75; Horam's Est., 59 Pa. 154.

*Mr. W. D. Patton,* for the appellees.

Counsel cited, (1) Upon the conclusiveness of the findings of the court upon disputed facts: Gibson's App., 25 Pa. 191. (2) Upon the point that the entire evidence was not brought up: Solts's App., 4 W. N. 298; D'Arros's App., 89 Pa. 51. (3) Upon the question of estoppel: Blanchard v. Commonwealth, 6 W. 309; Dutch's App., 57 Pa. 461; Power's App., 63 Pa. 444; Hufsmith's Est., 65 Pa. 141.

PER CURIAM:

The opinion of the learned judge of the Orphans' Court is so satisfactory that we affirm this decree for the reasons there given by him.

> The decree is affirmed and the appeal dismissed at the costs of the appellants.