[No. 15739.    Department One.—March 19, 1895.]

JAMES W. HALL, ROAD COMMISSIONER, ETC., RESPONDENT, *v.* JOHN KAUFFMAN, APPELLANT.

PUBLIC HIGHWAY—DEDICATION—ACCEPTANCE—USER.—The acceptance of a dedication of land as a public highway may be established by evidence of its user as such by the public.

ID.—ABATEMENT OF OBSTRUCTION—ACTION BY ROAD COMMISSIONER.—An action to remove and abate an obstruction upon a public highway is properly brought in the name of the road commissioner.

APPEAL from a judgment of the Superior Court of Sonoma County and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*George Pearce,* and *Thomas Rutledge,* for Appellants.

*Emmet Seawell,* and *J. R. Leppo,* for Respondent.

VAN FLEET, J.—This is an appeal by defendant from a judgment rendered against him and an order denying him a new trial, in an action brought by plaintiff, as road commissioner, to remove and abate an encroachment and obstruction erected by defendant upon a public highway.

The court found that the road had, for more than thirty years prior to the commencement of the action, been " continuously, peaceably, uninterruptedly, notoriously, openly, and with the knowledge and consent of defendant, and his grantors, used as and for a public highway and road by the public in general, and by all persons who chose to travel such road." And "that said user, as aforesaid, was adverse to the possession of defendant and his said grantors, and with' the knowledge and consent of said defendant and his grantors up to about April 1, 1893." From these facts the court found and concluded that the road was a public highway at the time of the encroachment (which was made in 1893); and that the defendant and his grantors and predecessors had dedicated said road to the public as a highway, and that the same had been accepted as such.

These findings are attacked as unsupported by the evidence in various particulars, but we think the attack unwarranted. The evidence as to the intention to dedicate is, perhaps, somewhat meager, but we deem it substantially conflicting, while, upon the question of user, it was practically without conflict; and this was sufficient to show an acceptance by the public. " This acceptance is generally established by the use by the public of the land for the purpose to which it was dedicated." (*Smith* v. *San Luis Obispo,* 95 Cal. 470; *People* v. *Davidson,* 79 Cal. 170; *Stone* v. *Brooks,* 34 Cal. 497.)

The notice given by the road commission to defendant to remove the obstruction was, we think, in substantial compliance with the statute; but, if otherwise, defendant is not in a position to be heard upon his objection thereto. The notice was put in evidence without objection, and the finding of the court that such notice was given is not attacked in the specifications of insufficiency of evidence.

The evidence was sufficient to sustain the finding as to the extent and width of the road.

The action was properly brought in the name of the

road commissioner. (*Bailey* v. *Dale*, 71 Cal. 36; *San Benito County* v. *Whitesides*, 51 Cal. 416.)

These are the only points requiring special mention.

We find no error in the record, and the judgment and order denying a new trial are affirmed.

GAROUTTE, J., and HARRISON, J., concurred.