## CHARLES FORTAIN, APPELLANT, *v.* JULIUS SMITH ET AL., RESPONDENTS.

APPEAL—ORDER SUSTAINING DEMURRER.—An order sustaining a demurrer to a complaint can only be reviewed upon an appeal from the final judgment.

FERRY — RESTRICTION UPON ESTABLISHMENT OF — CONSTITUTIONAL LAW. Section 2853 of the Political Code, providing that "No toll-bridge or ferry must be established within one mile immediately above or below a regularly established ferry or toll-bridge," is not in conflict with article I, section 21, of the constitution, prohibiting the granting of special privileges or immunities, nor with article IV, section 25, subdivision 19, prohibiting special laws granting any special or exclusive right, privilege, or immunity, nor with subdivision 25 of such section, prohibiting special laws chartering or licensing ferries, bridges, or roads.

ID.—ASSIGNMENT OF FRANCHISE—INJUNCTION—PLEADING.—In an action by the assignee of a ferry franchise to enjoin the defendant from maintaining a ferry within a mile from one carried on by the plaintiff, the complaint need not specifically allege the consent of the board of supervisors to the assignment. An allegation of the ownership of the franchise by the plaintiff is sufficient.

ID.—TENANT IN COMMON OF FRANCHISE.—A tenant in common of a ferry franchise, in the sole possession thereof, may maintain an action to enjoin a defendant from conducting a ferry within a mile from the one carried on by him.

APPEAL from an order of the Superior Court of Del Norte County dissolving an injunction and from an order sustaining a demurrer to a complaint. JAMES E. MURPHY, Judge.

The facts are stated in the opinion of the court.

*A. J. Bledsoe,* for Appellant.

*H. L. Ford,* and *L. M. Burnell,* for Respondents.

VAN FLEET, J.—Action to restrain and enjoin defendants from maintaining a ferry.

The complaint alleges that the board of supervisors of Del Norte county, in July, 1891, granted to plaintiff and one William T. Bailey a franchise to establish and maintain a public toll ferry, at a certain point on the Klamath river, in said county, on the line

of travel between that county and the county of Humboldt—said franchise to run for a period of twenty years from the granting thereof; that in accordance with the franchise so granted the ferry was duly established in the year 1891; that thereafter, and prior to the 1st of January, 1895, plaintiff became the sole owner of said ferry and franchise, by purchase from Bailey of all the latter's rights and interest therein; and that ever since he has remained such owner, and has maintained, operated, and conducted said ferry, and has expended large sums of money in equipping the same with boats and other apparatus, etc.

That in August, 1895, the defendants wrongfully and without authority established a ferry for the carriage of passengers and freight on said river contiguous to and within one mile of plaintiff's said ferry, and has since, without right or authority, maintained such unauthorized ferry, and has continued to carry freight and passengers across said river in violation of plaintiff's rights; that these acts of defendants have operated and do operate to draw from plaintiff's ferry a large portion of the custom of the traveling public, and have resulted in greatly diminishing plaintiff's business and the value of his said franchise, and have inflicted upon plaintiff injury which is beyond pecuniary estimation. That the defendants threaten to continue the operation and maintenance of their said ferry, and that such acts, if permitted, will wholly destroy the value of plaintiff's franchise and property, and inflict upon him irreparable injury, for which grievance he has no adequate remedy at law.

The prayer was that defendants be restrained from maintaining their ferry at any point on said river within the distance of one mile from plaintiff's ferry.

The complaint was verified, and upon it the court granted a temporary injunction. Defendants demurred to the complaint as not stating a cause of action, and upon the same ground moved the vacation of the injunction. The court sustained this motion and dissolved

the injunction, and plaintiff appeals from such order. The notice of appeal also includes an appeal from the order "sustaining defendants' demurrer to plaintiff's complaint"; but, as such order can only be reviewed upon appeal from a final judgment, the effort to have it reviewed in the manner here sought is ineffectual.

The only question is whether the complaint states a cause of action, it being tacitly conceded that, if it does, the order vacating the injunction was erroneous.

Section 2853 of the Political Code provides: "No toll-bridge or ferry must be established within one mile immediately above or below a regularly established ferry or toll-bridge, unless the situation of a town or village, the crossing of a public highway, or the intersection of s m? creek or ravine, renders it necessary for public convenience."

In view of the provisions of this section, we are unable to perceive wherein the complaint is lacking in the statement of any fact material to the relief sought. In fact, the formal sufficiency of the complaint, with an exception to be hereinafter noted, is not questioned, but it is contended that the provision of section 2853 above quoted is unconstitutional and void, because it contemplates and authorizes the granting of special privileges within the prohibition of article I, section 21, and article IV, section 25, subdivisions 19 and 25, of the constitution of this state. But the statute contravenes neither of those provisions. The first provides: "No special privileges or immunities shall ever be granted which may not be altered, revoked, or repealed by the legislature, nor shall any citizen or class of citizens be granted privileges or immunities which, upon the same terms, shall not be granted to all citizens." The second provides: "The legislature shall not pass local or special laws in any of the following enumerated cases, that is to say: . . . . 19. Granting to any corporation, association, or individual any special or exclusive right, privilege, or immunity. . . . . 25. Chartering or licensing ferries, bridges, or roads."

The statute in question grants no privileges or immu-. nities, which, "upon the same terms, shall not be granted to all citizens"; nor is it in any sense a special law, but is general, and operates alike upon all standing in the same relation thereto. Nor are the privileges it authorizes in any way obnoxious to the spirit or intent of the constitution or laws, or open to the objection of authorizing monopolies. The granting of such franchises under proper restrictions, such as are found in the Political Code, and in the exclusive enjoyment of which the grantee is to be protected within reasonable limits, is not antagonistic to the provisions of the constitution cited, or any others that have been called to our attention, nor to any rule of public policy of which we are aware. Nor does the enjoyment, by the grantee of such right, of the limited immunity from the encroachment of others which is contemplated under the statute, in any respect lend to the privilege granted the semblance of monopoly. The theory upon which such rights are granted is to promote the public good and convenience, the advancement of commerce, and the more ready intercourse of the people; and a reasonable protection of those who hazard their private means in thus ministering to the public need is in the interest and direction of good government by encouraging enterprise.

It is contended that the complaint is defective in not alleging the consent of the board of supervisors to the alleged acquisition by plaintiff of the interest of Bailey in the franchise; that a franchise is a personal trust which does not admit of substitution or assignment, without the consent of the granting power. But, if it was necessary to allege and prove this fact, we regard the allegations of the complaint as sufficient—certainly as against the general ground of objection assigned—to admit of such proof. The averment is: "That thereafter, and prior to the first day of January, 1895, plaintiff purchased and acquired all the right, title, and interest of the said Bailey in and to the said franchise and

CXIV. CAL.—32

ferry, and ever since has been and now is the sole and exclusive owner," etc. The ownership of the franchise is the ultimate fact, the steps by which such ownership was acquired, as, for instance, the consent of the board, if necessary, would constitute mere probative matter not necessary to be alleged.

But in our opinion the plaintiff can maintain the action without showing sole ownership of the franchise in himself. He is at least a tenant in common in the property, and in the sole possession thereof, and in such capacity has a right to maintain an action to protect such property from injury or destruction. (11 Am. & Eng. Ency. of Law, sec. 1136.)

The order dissolving the injunction is reversed.

GAROUTTE, J., and HARRISON, J., concurred.