[S. F. No. 4264.   Department Two.—November 18, 1905.]

In the Matter of the Estate of HANNAH E. EDELMAN, Deceased. CHARLES EDELMAN, Appellant.

ESTATES OF DECEASED PERSONS—WILL—ORDER DISMISSING CONTEST—APPEAL.—An order dismissing a contest to the probate of a will, instituted prior to its admission to probate, is reviewable upon appeal from the final order or judgment admitting the will to probate.

ID.—ORDER OF PROOF—EVIDENCE OF CONTESTANT'S INTEREST.—On the trial of a contest to the probate of a will the court in controlling

the order of proof may properly require that the contestant must first establish his interest, and upon his failure so to do may dismiss the contest.

ID.—HUSBAND AND WIFE — SEPARATION AGREEMENT — DISINHERISON — FAIRNESS OF AGREEMENT.—On the trial of a contest by a husband to the probate of his wife's will proof on the part. of the proponent of the will of a separation agreement between the husband and wife, whereby they each waived and released all right and claim of inheritance or to succeed to any property of the other, and which had been lived up to by both parties during the lifetime of the wife, is sufficient to show a want of interest in the husband to maintain the contest, without any evidence by the proponent of the fairness of the separation agreement; and after the contest has been dismissed it is then too late for the contestant, at a following session of the court, when formal proofs of the due execution of the will were being offered by the proponent, to show that the agreement was not fair and just, but was obtained through fraud or coercion.

ID.—TRANSFERS OF HEIRSHIP—ESTOPPEL.—Transfers, releases, or extinguishment of heirship were always cognizable in equity, and in proper cases they afforded a complete defense by way of estoppel, and such equitable defense is cognizable by the court in probate.

ID.—JURISDICTION—NON-RESIDENT.—The superior court has jurisdiction to grant original probate of the will of a non-resident who died leaving property within this state.

APPEAL from an order of the Superior Court of the City and County of San Francisco admitting a will to probate. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

James G. Maguire, and J. J. Burt, for Appellant.

Garret W. McEnerney, for Respondent.

HENSHAW, J.—The last will and testament of Hannah E. Edelman, deceased, having been offered for probate, Charles Edelman appeared, presenting . grounds of contest against its admission, and alleging that he was the husband of deceased, that the deceased at the time of making the will was not of sound or disposing mind, and the will was executed under undue influence. Proponents of the will answered these grounds of contest by denial, and for an affirmative defense pleaded an agreement entered into between Edelman and his wife, wherein it was recited that it

being desirable to avoid litigation and controversy and to settle ·and define all property rights and controversies as to property which might arise between the parties, it was mutually agreed and understood that they would henceforth continue to live separate and apart and would not live again together as husband and wife; that neither would thereafter make or assert any right, claim, or demand upon or against the other for any maintenance or support, and each party in turn "waived and released any and all claim of every kind and nature of, in and to the whole and every part of the real and personal property now or heretofore or hereafter owned, claimed, or possessed . by or standing in the name of either party, and waives all right and claim of inheritance to succeed to any part of the property as an heir or successor at law, upon or in the event of death." Trial was had upon the issues thus framed, and the court in its discretion directing the order of proof heard and decided the question of the validity and legal effect of the agreement above mentioned. It held in favor of the validity of the agreement, and decided that its effect was to deprive appellant of his right .of contest of the will of deceased, as being neither an heir nor a party in interest. This decision was embodied in an order dismissing appellant's· contest, subsequent to which the court, taking proof of the execution of the will, admitted it to probate, and from the order so admitting it to probate this appeal is taken.

Respondent makes a preliminary objection to the hearing of this appeal, which is in its essence a motion to dismiss the appeal, upon the ground that the appeal should have been taken from the order of court dismissing the contest; that if that order is not appealable it cannot be reviewed under this appeal from the ·order admitting the will to probate, because at the time of the admission of the will to probate, appellant's contest having been dismissed, he was not a party aggrieved nor a party in interest. Reliance is here placed upon *Estate of Garcelon,* 104 Cal. 570, [38 Pac. 414, 43 Am. St. Rep. 134]. That was a contest after probate, and an appeal from the order dismissing the contest was entertained by this court. Support for respondent's position is also sought in the language of this court in *Estate of Gregory,* 133 Cal. 136, [65 Pac. 315], and *Estate of Latour,* 140

Cal. 437, [73 Pac. 1070, 74 Pac. 441]; but what was said in those cases was for the purposes of illustration and by way of analogy, and neither of them undertook to say that an order such as here made is not properly reviewable upon appeal from the order admitting the will to probate. The only appealable orders in probate matters are those designated in subdivision 3 of section 963 of the Code of Civil Procedure. Sections 1307 and 1312-1314 of the Civil Code have reference to proceedings upon contest of the probate of a will. The adjudication to be made is as to the validity or invalidity of the will, and the order here made dismissing a contest is reviewable upon appeal from the final order or judgment admitting the will to probate as is any other intermediate order or ruling which the court may make. (Code Civ. Proc., secs. 956, 1714.) Thus in *In re Hickman,* 101 Cal. 609, [36 Pac. 118], the contest of the public administrator of the probate of a will was met by demurrer, upon the ground that he was not a person interested in the estate. The demurrer was sustained, and the appeal taken by the public administrator was from the order admitting the will to probate as here. There is no difference in principle between the order of the court denying a right of contest for lack of interest upon demurrer, and denying it, as in this case, by a formal dismissal of the contest for lack of interest.

The court in controlling the order of proof correctly held that the contestant must first establish his interest. (*Estate of Latour,* 140 Cal. 437, [73 Pac. 1070, 74 Pac. 444].) And it further held that contestant had waived his right of heirship and all claim upon the estate of the deceased by the articles of separation and mutual disinherison above referred to. This agreement was carefully drawn, and by its terms was clearly designed to effect the disinherison of the appellant. (*Estate of Garcelon,* 104 Cal. 570, [38 Pac. 414, 43 Am. St. Rep. 134]; *Estate of Davis,* 106 Cal. 453, [39 Pac. 756].) But it is contended that it was incumbent upon the respondent to have proved the fairness of the agreement, and that the court therefore erred in giving equitable effect to it without such proof. It is true that where the heir sought to transfer or convey his interest in the estate of an ancestor to a third person equity before it would give effect to such transfer required evidence from that third person

of the good faith and fairness of the transaction, the very
apparent reason being that designing persons should not take
advantage of the improvidence or penury or inexperience of
one to strip him of his prospective inheritance. An addi-
tional reason was that such a transfer, made without the
knowledge of an ancestor, was in a certain sense a fraud
upon him. Both these reasons are eliminated, however, and
with their elimination the rule ceases when the release is
made to the ancestor himself; for, in the first place, since
he has the right absolute to disinherit, he cannot be accused
of taking advantage of the heir, and, in the second place, as
the release is made to him he is not in ignorance of the fact,
and thus could not be deceived into leaving his property to
one to whom he never intended it should go. Therefore,
where such a release is made to the ancestor the rule requir-
ing the party relying on it to prove its fairness is no longer
in force, but, as said in *Appeal of Summerville*, 129 Pa. 631,
[18 Atl. 554], such a release is "properly admissible, and
when once admitted the burden of overthrowing it is cast
upon the parties who signed it or whose names are subscribed
to it." In this same connection reference may be made to
*Curtis* v. *Curtis*, 40 Me. 24, [63 Am. Dec. 651], and the whole
subject-matter was elaborately argued in *Estate of Garcelon*,
104 Cal. 570, [38 Pac. 414, 43 Am. St. Rep. 134]. Still less
reason, however, exists for the application of the rule re-
quiring proof of the fairness in a contract such as this where
there is a mutual relinquishment upon the part of the
spouses of their property rights and of their rights of suc-
cession and inheritance, and where, moreover, the contract
having been fully executed during the lifetime of the parties,
the fairness is sought to be drawn in question after the death
of one by the other, and particularly when questioned upon
the death of the wife by the husband; for while the freedom
of contract between husband and wife is fully recognized in
this state and upheld, it is equally well recognized and ex-
emplified in a hundred instances in our law that the wife is
regarded as the weaker and more dependent spouse; the one
whose interests, therefore, are to be the more carefully safe-
guarded, even from the exactions of a husband. In *In re
Noah*, 73 Cal. 583, [15 Pac. 287, 2 Am. St. Rep. 829], this
court, disposing of a similar argument under a contract of

separation between husband and wife, declared that the agreement, "as far as it was an agreement to separate and for her support during separation, was fully executed during the lifetime of the deceased." In this case, as in the Noah case, the contract had been lived up ·to by both' parties, so far as appears to the contrary, during the lifetime of the wife, and it is a somewhat too tardy discovery upon the part of the husband to find after her death that the contract was unfair. The question is completely disposed of by *Estate of Garcelon,* 104 Cal. 570, [38 Pac. 414, 43 Am. St. Rep. 134]; *Estate of Davis,* 106 Cal. 452, [39 Pac. 756]; *Daniels* v. *Benedict,* 97 Fed. 367, and *Crum* v. *Sawyer,* 132 Ill. 443, [24 N. E. 956].

While it is true that the law was unable to, and therefore did not, give effect to such transfers, releases, or extinguishments of heirship, it is equally true that they were always cognizable in equity, and that in proper cases they afforded a complete defense by way of estoppel. And this equitable defense by way of estoppel is cognizable by the court in probate. (*Estate of Garcelon,* 104 Cal. 570, [38 Pac. 414, 43 Am. St. Rep. 134]; *Fisher* v. *Clopton,* 110 Mo. App. 663, [85 S. W. 623].) It has been shown that it was not incumbent under the circumstances for the party relying upon the agreement to make proof ·of its fairness. It does not appear, upon the other hand, that appellant was denied the opportunity to prove its unfairness. The record discloses that, upon proof of the agreement (its execution having been admitted), a motion to dismiss was made, upon the ground that, by force of the agreement, the contestant was not a party in interest. The motion was opposed by contestant's attorney, who stated his grounds of opposition as follows: "The first ground of our resistance to the motion is that the contract is absolutely void, and cannot be taken into consideration in this proceeding. The next ground is upon the uncertainty of it. If the contract had any consideration at all, it is incumbent upon the proponents to allege and prove it." Upon this the motion was granted by the court, and the order dismissing the contest was entered. At a following session of the court, and when formal proofs of the due execution of the will were being offered looking to its admission to probate, appellant's attorney appeared, renewing his ob-

jection in a somewhat more elaborate form, and raising new grounds of objection, amongst the new suggestions being the proposition here disposed of, that the proponents should show affirmatively that the contract was fair and just, and if that were not so, then contestant asserted the right to show that the contract was not fair and just, but was obtained through fraud and coercion. The court, however, ruled, and ruled very properly, that as those were matters not presented for consideration at the time of the motion to dismiss, when ample opportunity to present them had been afforded, he would not entertain the objection after his order dismissing the contest.

It being shown, as was determined by the lower court, that the appellant was not a party interested so as to entitle him to appear and contest, the consideration of the propositions advanced upon his appeal may well come to an end. It may, however, be added that the court had jurisdiction to grant original probate of the will of the deceased, although a nonresident, since she had left property within this state. (*Estate of Clark, ante,* p. 108, [82 Pac. 760].)

For the foregoing reasons the order and judgment appealed from are affirmed.

Lorigan, J., and McFarland, J., concurred.

Hearing in Bank denied.