[Civ. No. 4682. Second Appellate District, Division Two.—March 8, 1924.]

In the Matter of the Estate of MARTHA RAWSON, Deceased. MARTHA E. BURGE et al., Appellants.

[1] APPEAL—PROBATE OF WILL —DEMURRER TO CONTEST. — An order made upon demurrer, denying the right to contest the probate of a will, is an intermediate order or ruling which is reviewable only upon appeal from the final order or judgment admitting the will to probate.

[2] ID.—JUDGMENT—STATEMENTS IN BRIEF—ABSENCE OF RECORD.—On an appeal from an order made upon demurrer denying the right to contest the probate of a will, a statement in the closing brief of appellant that a judgment was actually signed and filed must be borne out by the record to render it available.

(1) 3 C. J., p. 571, sec. 406; 40 Cyc., p. 1350.   (2) 4 C. J., p. 557, sec. 2365.

APPEAL from an order of the Superior Court of Riverside County sustaining a demurrer to a contest of will. William H. Ellis, Judge.   Appeal dismissed.

The facts are stated in the opinion of the court.

Charles E. Salisbury for Appellants.

Oliver P. Ensley for Respondent.

CRAIG, J.—The last will and testament of the above-named deceased was offered for probate, and appellants filed a contest wherein fraud, undue influence, mental incompetency, conspiracy, and other grounds were alleged. The proponent demurred thereto, and after argument and the submission of briefs by the parties, the trial court sustained the demurrer without leave to amend. Notice was given that contestants appealed "from the order of the above-entitled court, entered therein October 2nd, 1923, sustaining the demurrer, without leave to amend, filed by the proponent of the will of Martha Rawson, deceased, to contest of said will, said order being in favor of said proponent of said will and against the above named contestants of said will, and

from the whole of said order." No judgment is embraced in the record before us.

Appellants' opening brief is devoted exclusively to extensive argument and citation of authorities upon the merits of the contest, but respondent raises the point that the appeal must be dismissed, and such being our view of the law, we are not called upon to consider the other questions involved.

Section 963 of the Code of Civil Procedure enumerates the orders from which an appeal will lie in probate matters, to wit: "A judgment or order granting or refusing to grant, revoking or refusing to revoke, letters testamentary, or of administration, or of guardianship, or admitting or refusing to admit a will to probate, or against or in favor of the validity of a will, or revoking or refusing to revoke the probate thereof." Appellant contends that none of the authorities cited by respondent upon this question involve the contest of a will and quotes from *Estate of Edelman,* 148 Cal. 233 [113 Am. St. Rep. 231, 82 Pac. 963], as holding that "There is no difference in principle between the order of the court denying a right of contest for lack of interest upon demurrer, and denying it, as in this case, by a formal dismissal of the contest for lack of interest." However, the supreme court there expressly held that "The only appealable orders in probate matters are those designated in subdivision 3 of section 963 of the Code of Civil Procedure. . . . The adjudication to be made is as to the validity or invalidity of the will, and the order here made dismissing a contest is reviewable upon appeal from the final order or judgment admitting the will to probate as is any other intermediate order or ruling which the court may make." [1] The conclusion, therefore, is irresistible that an order made upon demurrer, denying a right to contest, is an intermediate order or ruling which is reviewable only upon appeal from the final order or judgment admitting the will to probate. This is the only authority cited by appellant, and we are able to find none holding to the contrary. In *De La Beckwith* v. *Superior Court,* 146 Cal. 496 [80 Pac. 717], it was said: "An order sustaining a demurrer is not a judgment, and does not have the effect of finally and irrevocably dismissing the demurring party from the action. 'It may form the basis of rendering a judgment, but it is not itself

a judgment' (*Sivers* v. *Sivers,* 97 Cal. 518 [32 Pac. 571]), is not appealable, and can be reviewed by an appellate court only on appeal from a final judgment subsequently given. Upon such an order being made without leave to amend, or where it is made with leave to amend and no amendment is made, the party whose demurrer has been sustained may become entitled to a judgment, which may effectually bar further proceedings against him in the matter from which he has been dismissed. In the absence of such a judgment, however, the mere order constitutes no bar, and if, at any time prior to judgment, it is made to appear to the court that a complete determination of the controversy cannot be had without the presence of such party, we can conceive of no good reason why the court may not make such orders as will have the effect of bringing such party into the action again." To the same effect are *Cornic* v. *Stewart,* 179 Cal. 242 [176 Pac. 164]; *Harmon* v. *De Turk,* 176 Cal. 758 [169 Pac. 680]; *Rickert* v. *Zoeger,* 169 Cal. 399 [146 Pac. 894]; *Fortain* v. *Smith,* 114 Cal. 494 [46 Pac. 381]; *Pacific Seaside Home for Children* v. *Newbert Protection District,* 49 Cal. App. 326 [193 Pac. 169].

[2] Appellants assert in the closing brief that a judgment was actually signed and filed, but the record does not bear out such statement, as it must, to render it available (*Bagley* v. *Cohen,* 121 Cal. 604 [53 Pac. 1117]), and even though this discrepancy might have been cured, they do not appeal from a judgment.

The appeal is dismissed.

Finlayson, P. J., and Works, J., concurred.