[S. F. No. 11332. In Bank.—July 26, 1926.]

In the Matter of the Estate of GEORGE F. STIERLEN, Deceased. EMMA STIERLEN, Appellant, v. ROSA SCOTT, Respondent.

[1] Appeals—Order Striking Out Will Contest—Order Sustaining Demurrer.—The only appealable orders in probate matters are those designated in subdivision 3 of section 963 of the Code of Civil Procedure; and neither an order striking out a contest of the

---

1.  See 2 Cal. Jur. 44.

probate of a will nor an order sustaining a demurrer to a contest is one of the orders enumerated therein.

[2] ID.—DEMURRER TO WILL CONTEST—JUDGMENT.—The fact that the probate court, in sustaining a demurrer to a contest, follows up its order with a judgment that contestant take nothing by said contest and that proponent recover her costs, does not render such order or judgment appealable.

[3] ID. — ORDER ADMITTING WILL TO PROBATE — REVIEW OF PRIOR ORDERS.—Upon the entry of an order admitting a will to probate an appeal therefrom will lie, and in the consideration of such appeal the validity of the prior orders of the court striking out one count of a contest of said will and sustaining a demurrer to the other counts of said contest without leave to amend is a proper matter of review.

[4] ID. — TRANSFER OF CAUSE TO SUPREME COURT — DISMISSAL OF APPEAL.—Where an order transferring an appeal from the district court of appeal to the supreme court is made within the time prescribed in section 4 of article VI of the constitution, the decision of the district court of appeal is vacated and the matter is transferred to the supreme court for a determination of all the material questions involved therein, to the same extent as if originally instituted in said court; and that court has the same right, and it is its duty, to entertain a motion by respondent to dismiss the appeal, notwithstanding such a motion was denied by the district court of appeal and respondent did not petition for a hearing of the cause by the supreme court.

---

(1) 40 Cyc., p. 1349, n. 97.   (2) 40 Cyc., p. 1349, n. 97.   (3) 3 C. J., p. 570, n. 44; 40 Cyc., p. 1349, n. 97.   (4) 40 Cyc., p. 1355, n. 48 New.

APPEAL from an order of the Superior Court of the City and County of San Francisco striking out one count of a will contest and sustaining a demurrer to the other counts thereof. Frank H. Dunne, Judge. Appeal dismissed.

The facts are stated in the opinion of the court.

Charles F. Hanlon for Appellant.

Harry K. Wolff and Geo. A. Connolly for Respondent.

---

3.  See 26 Cal. Jur. 1110.
4.  See 7 Cal. Jur. 674.

CURTIS, J.—Motion to dismiss appeal. This is a contest for the probate of a document purporting to be the last will and testament of George F. Stierlen, deceased. The executrix and sole devisee named in said document, Rosa Scott, filed a petition asking for the probate thereof as the last will and testament of said deceased. The contestant, Emma Stierlen, the surviving wife of said deceased, filed a contest thereto. In her written contest, which she filed after a voluntary dismissal by her of a prior contest to said will, said contestant set forth in five separate counts five distinct grounds wherein she asserted the invalidity of said document: 1, failure of execution; 2, unsoundness of mind; 3, undue influence; 4, actual fraud; 5, constructive fraud. The proponent of said will filed a motion to strike out the first count of said contest and a demurrer to the remaining four counts thereof. The court granted said motion and sustained said demurrer without leave to amend. A written order signed by the trial judge was made and filed striking out said count one. A written order was also signed and filed sustaining said demurrer without leave to amend and judgment was entered that the contestant take nothing by her contest and that proponent recover her costs. [1] Respondent's motion to dismiss said appeal is based upon the ground that the order striking out count one of said contest and the order sustaining the demurrer to the last four counts thereof and the judgment following said order are not appealable orders. The judgment and orders in probate proceedings from which an appeal can be taken are set forth and enumerated in subdivision 3 of section 963 of the Code of Civil Procedure. "The only appealable orders in probate matters are those designated in subdivision 3 of section 963 of the Code of Civil Procedure." (*Estate of Edelman,* 148 Cal. 233 [113 Am. St. Rep. 231, 82 Pac. 962].) Neither an order striking out a contest or a count thereof, nor an order sustaining a demurrer to a contest is one of the orders enumerated in said subdivision of said section, and consequently, neither of them is an appealable order. [2] Appellant further calls to our attention the fact that while the probate court made the order sustaining the demurrer to the four last counts of the contest, it followed up said order with a judgment that contestant take nothing by said contest and that proponent recover her

costs. But this fact does not in any way assist appellant upon this appeal, as a judgment based upon an order sustaining a demurrer to a contest to the probate of a will is in no better standing, in so far as its being an appealable order is concerned, than an order sustaining such a demurrer, as neither an order sustaining a demurrer nor a judgment entered thereafter and based thereon is listed among the appealable orders enumerated in subdivision 3 of said section 963. It is true that a somewhat different rule applies in ordinary civil actions, that is, after an order is made sustaining a demurrer, which is not an appealable order, is followed by a judgment dismissing the action upon plaintiff's failure to amend after demurrer sustained, an appeal can be taken from said judgment. This, however, is not the rule as to a judgment rendered in a probate proceeding dismissing a contest after the sustaining of a demurrer thereto. (*Estate of Rawson,* 66 Cal. App. 144 [225 Pac. 474].) Neither are the orders appealed from orders made after final judgment, for no final judgment admitting or refusing to admit the will to probate, as far as the record shows, has been made by the probate court. [3] Upon the entry of an order admitting said will to probate an appeal therefrom would lie and in the consideration of said appeal the validity of the orders herein sought to be appealed from would be proper matters for review. (*Estate of Rawson, supra; Estate of Edelman, supra.*)

[4] It is contended by appellant that a motion to dismiss this appeal, having originally been made in the district court of appeal and denied by said court, has become final and that it is not within the power of this court to review the same nor to entertain a motion made anew herein to dismiss said appeal. Respondent made said motion to dismiss this appeal in the district court of appeal and said court denied the same. No petition for a hearing of this cause has been made to this court by respondent. The appellant, however, filed a petition for a hearing herein, not for the reason that she was dissatisfied with the action of the district court of appeal in refusing to grant respondent's motion to dismiss, but for the reason that the ruling of the district court of appeal sustaining the action of the probate court in striking out the first count of her contest to the probate of said will was considered by her to have been

erroneous. The petition of appellant was granted and this court made an order transferring said cause to this court for hearing. This was done under the authority of section 4 of article VI of the constitution, which provides as follows: "The Supreme Court shall have power . . . to order any cause pending before the District Court of Appeal to be heard and determined by the Supreme Court." "When such an order is made within the time prescribed in the Constitution the decision of the district court of appeal is vacated and the matter is transferred to this court for a determination of all the material questions involved therein, to the same extent as if originally instituted in this court." (*Rockridge Place Co.* v. *City Council,* 178 Cal. 58, 60 [172 Pac. 1110].)

It follows, therefore, that this court is not limited in the action it may now take in the consideration of the motion presented upon this appeal by any decision or order made, or action taken, in this case while the same was pending in said district court of appeal. A motion to dismiss an appeal is one of the motions which may properly come before this court, and which this court may be called upon to determine, in any case originally appealed hereto. It therefore has the same right, and it is its duty, to entertain the motion made herein by respondent to dismiss said appeal in all respects as if said cause had never been before said district court of appeal. It is ordered that said appeal be and the same is hereby dismissed.

Seawell, J., Waste, C. J., Shenk, J., and Richards, J., concurred.