[L. A. No. 14482.   In Bank.—March 27, 1934.]

In the Matter of the Estate of GEORGE H. PATTERSON, Deceased. KATE R. RYAN et al., Appellants, v. DAISY RUTH RENOE et al., Respondents.

Joseph Scott, A. G. Ritter, Leo B. Ward and Theodore C. Heyl for Appellants.

Meserve, Mumper, Hughes & Robertson and Timon E. Owens for Respondents.

THE COURT.—This is a motion to dismiss an appeal from an order nonsuiting the appellants in a contest of will *before* probate. The proponents of the will contend that the order is nonappealable in that it is not designated in section 1240 of the Probate Code as one of the probate orders from which an appeal will lie. In opposition thereto the contestants urge that a will contest is "primarily in the nature of a civil action" and that "such a contest is so predominantly civil that it comes within the category of cases for which the legislature intended to provide a right of

appeal by subdivision 1 of section 963 of the Code of Civil Procedure".

While a will contest possesses some of the attributes of a civil suit, it is characteristically and essentially a probate proceeding. An order sustaining a demurrer without leave to amend to a contest *before* probate, not being designated in subdivision 3 of section 963 of the Code of Civil Procedure, the predecessor of the present section 1240 of the Probate Code, was held to be nonappealable in *Estate of Stierlen,* 199 Cal. 140, 142 [248 Pac. 509]. To the same effect, see *Estate of Rawson,* 66 Cal. App. 144, 145 [225 Pac. 474]. In *Estate of Edelman,* 148 Cal. 233, 235 [82 Pac. 962, 113 Am. St. Rep. 231], trial was had on the issues presented in a contest *before* probate and an order was made dismissing the contest. The order was held to be nonappealable and a purported appeal therefrom dismissed.

In each of the cited cases it was held that the only appealable orders in probate matters were those designated in subdivision 3 of section 963 of the Code of Civil Procedure and that inasmuch as the respective orders appealed from were not so designated, they constituted mere intermediate rulings or orders which were reviewable only upon appeal from the final order or judgment admitting the will to probate.

This reasoning is applicable to the present inquiry. No provision is made in section 1240 of the Probate Code, the successor to subdivision 3 of section 963, *supra,* for an appeal from any order affecting or determining a contest *before* probate. This being so, such intermediate order is reviewable only upon appeal from an order admitting the will to probate.

The present appeal must be, and it is hereby, dismissed.