[Civ. No. 3642. Fourth Dist. Dec. 11, 1946.]

Estate of MATTIE BEARNS, Deceased. BERT BEARNS, Appellant, v. MARY OFFDENKAMP et al., Respondents.

George A. Malette and Robert L. Barbour for Appellant.

Wright, Thomas, Dorman & Fox and Gerald C. Thomas and Jasper J. Barrett for Respondents.

MARKS, J.—This is a motion to dismiss an appeal from a judgment dismissing a contest to the probate of a will before

its admission to probate, after a motion for nonsuit had been granted.

Mattie Bearns died testate in San Diego County on May 25, 1945. A petition to probate her will was filed by the two friends of deceased who were named as executrices and sole beneficiaries. Contestant, Bert Bearns, the son of deceased, was disinherited in the will. He filed a contest on various grounds.

At the trial of the contest before a jury, the trial court granted a motion for nonsuit at the close of contestant's case. On June 10, 1946, a formal written judgment of nonsuit dismissing the contest was entered. The will was admitted to probate by an order bearing the same date, and Mary Offdenkamp and Martha Welcome were appointed executrices without bond. They qualified as such and letters testamentary were issued to them on June 10, 1946.

The notice of appeal contains the following:

"You and each of you please take notice that the contestant in the above entitled action hereby appeals to the Supreme Court of the State of California, from the judgment made and entered in the Superior Court of the State of California in and for the County of San Diego on the 10th day of June, 1946, of non-suit, in favor of the proponents and against the said contestant and from the whole thereof."

The motion to dismiss is made on the ground that contestant has attempted to appeal from a nonappealable order.

█ It is settled in California that the only orders or judgments in probate proceedings which are appealable are those specified in section 1240 of the Probate Code, which contains no provision for an appeal from an order or judgment dismissing a contest to a will before it has been admitted to probate, which order or judgment was made and entered after granting a motion for nonsuit.

In *Estate of Patterson*, 220 Cal. 370 [31 P.2d 197], the Supreme Court had before it a motion to dismiss an appeal from an order nonsuiting the appellants there in a contest of a will before probate. After citing *Estate of Stierlen*, 199 Cal. 140 [248 P. 509]; *Estate of Edelman*, 148 Cal. 233 [82 P. 962, 113 Am.St.Rep. 231]; and *Estate of Rawson*, 66 Cal.App. 144 [225 P. 474], as supporting its conclusions, it was said:

"In each of the cited cases it was held that the only appealable orders in probate matters were those designated in subdivision 3 of section 963 of the Code of Civil Procedure and

that inasmuch as the respective orders appealed from were not so designated, they constituted mere intermediate rulings or orders which were reviewable only upon appeal from the final order or judgment admitting the will to probate.

"This reasoning is applicable to the present inquiry. No provision is made in section 1240 of the Probate Code, the successor to subdivision 3 of section 963, *supra*, for an appeal from any order affecting or determining a contest *before* probate. This being so, such intermediate order is reviewable only upon appeal from an order admitting the will to probate."

█ Contestant argues that the words "from the whole thereof," appearing in the notice of appeal, are sufficient to bring all matters decided by the probate court on June 10, before the appellate court for review. He cites *Meley* v. *Boulon*, 104 Cal. 262 [37 P. 931], as supporting this argument.

A study of the cited case does not lead to the conclusion drawn by contestant but is clearly against it. The words "from the whole thereof," in the notice of appeal here, relate to the judgment previously mentioned, namely, the judgment of nonsuit and from the whole of that judgment, and not any other order or judgment rendered on the same day.

The appeal is dismissed.

Barnard, P. J., and Griffin, J., concurred.