[Civ. No. 3545.   Fourth Dist.   Apr. 29, 1947.]

Estate of ALBERT B. HERRINGTON, Deceased. BLANCHE
HERRINGTON, Appellant, v. ALBERT W. HERRING-
TON et al., Defendants; PAUL HORNUNG, Respondent.

Mack & Bianco for Appellant.

Harvey, Johnston, Baker & Palmer for Respondent.

MARKS, J.—Albert B. Herrington died testate about the
5th day of August, 1945. He left surviving him, Blanche
Herrington, his widow, and two children, the issue of a former
marriage. His will nominated and appointed Paul Hornung
as executor.

Mr. Hornung filed the will together with a petition
for its probate. Blanche Herrington filed a contest to the
probate of the will on various grounds. Citation was served
on Paul Hornung as well as others. Hornung did not appear
and answer the contest and his default was entered by the
clerk. He filed his notice of motion (1) to vacate and annul
the citation served on him, (2) to dismiss the contest of the
will as to him, and (3) to vacate his default which had been
entered. These motions were granted and Blanche Herring-

ton appealed from the order. A motion to dismiss this appeal is pending.

The contest to the probate of the will went to trial and at the close of contestant's case the court granted a motion for nonsuit. Contestant appealed from that order. This appeal was dismissed on consent of the parties on March 11, 1947.

The cause is now before us on the motion to dismiss the appeal first mentioned and on the merits of that appeal.

It seems to be the rule in California that as probate proceedings are strictly statutory ''the only appealable orders in probate matters are those designated in subdivision 3 of section 963 of the Code of Civil Procedure'' (*Estate of Edelman,* 148 Cal. 233 [82 P. 962, 113 Am.St.Rep. 231]) which is now section 1240 of the Probate Code, with the exception of an order made on motion for new trial. (*Estate of Allen,* 175 Cal. 356 [165 P. 1011]; *Estate of Armstrong,* 8 Cal.2d 204 [64 P.2d 1093]; *Estate of O'Dea,* 15 Cal.2d 637 [104 P.2d 368].) It is intimated that orders such as are now before us are intermediate orders that are reviewable on appeal from an order admitting the will to probate. (*Estate of Stierlen,* 199 Cal. 140 [248 P. 509]; *Estate of Patterson,* 220 Cal. 370 [31 P.2d 197]; *Bales* v. *Superior Court,* 21 Cal.2d 17 [129 P.2d 685]; *Estate of Rawson,* 66 Cal.App. 144 [225 P. 474]; *Estate of Bearns,* 77 Cal.App.2d 221 [175 P.2d 283].)

In resisting the motion to dismiss the appeal, appellant relies on the cases of *Estate of Baker,* 170 Cal. 578 [150 P. 989]; *O'Day* v. *Superior Court,* 18 Cal.2d 540 [116 P.2d 621], and *Estate of Katz,* 49 Cal.App.2d 82 [120 P.2d 896].

In *Estate of Baker, supra,* it appears that Samuel F. Baker died testate. His will was admitted to probate and Mary J. Farrand, his sister, filed her contest of the will and prayed for the revocation of its probate. She died before the hearing of the contest. Before an administrator of her estate had been appointed the trial court on motion dismissed the contest. After an administrator of contestant's estate had been appointed and had qualified he moved to vacate the order of dismissal as being beyond the jurisdiction of the court, there being no proper parties before the court at the time the order was made. The motion to vacate the order of dismissal was denied and the administrator appealed. The Supreme Court refused to dismiss the appeal from the order under attack and reversed it on the ground that the trial court had exceeded its jurisdiction in making the order of

dismissal because no proper parties were in court at that time. The appealability of the order refusing to vacate the order of dismissal under the provisions of subdivision 3 of section 963 of the Code of Civil Procedure (Prob. Code, § 1240) was not considered or discussed. The justice of the holding in *Estate of Baker* is evident as an order or judgment clearly beyond the jurisdiction of the court making it should be open to attack.

*O'Day* v. *Superior Court,* 18 Cal.2d 540 [116 P.2d 621]. was a renewal of the effort of the same purported heirs of Michael F. O'Dea to establish their heirship as those appealing in *Estate of O'Dea,* 15 Cal.2d 637 [104 P.2d 368]. As appears in the O'Dea case the trial court had dismissed the petition of the purported heirs to establish their heirship. They then moved to vacate this order under the provisions of section 473 of the Code of Civil Procedure and appealed from the order denying their motion. The motion to dismiss this appeal was granted, the court saying:

''Section 1240 of the Probate Code specifies the orders and judgment in probate from which an appeal will lie, and an order denying relief under section 473 of the Code of Civil Procedure is not one of the orders so specified. A proceeding to determine heirship is a matter in probate. (*In re Blythe,* 110 Cal. 226 [42 P. 641].) As this order denying the appellants' motion brought under section 473 of the Code of Civil Procedure to be relieved of their default was one made in probate, no appeal will lie from said order under the provisions of said section 1240 of the Probate Code. . . . Section 1240 of the Probate Code is simply the reenactment of subsection 3 of section 963 of the Code of Civil Procedure, and this court has on numerous occasions held that no appeal will lie from an order in probate denying relief under section 473 of the Code of Civil Procedure, or from any other order not specified in subsection 3 of section 963 of the Code of Civil Procedure, with the one exception above mentioned. (Citing cases.)''

In *O'Day* v. *Superior Court, supra,* it appears that the purported heirs whose petition to establish heirship had been dismissed, filed a second petition to establish heirship which the trial court refused to hear. These purported heirs then applied to the Supreme Court for a writ of mandate to compel the probate court to hear the matter. The Supreme Court discharged the alternative writ and dismissed the proceeding

but in doing so did not disapprove or depart from the rule announced in *Estate of O'Dea, supra,* already quoted.

*Estate of Katz, supra,* is more nearly in point. A petition to probate the will of Maurice D. Katz was filed as was a contest by a grandson of deceased. The contest was dismissed by the contestant "without prejudice." The next day the probate judge made an order dismissing the contest "with prejudice" and an appeal was taken from that order. This court was of the opinion that this "order was not only erroneous but void" and that the order comes "within the provision of section 1240 of the Probate Code which makes appealable an order 'determining . . . the persons to whom distribution should be made.' " Thus *Estate of Katz* not only recognizes but follows the general rule that only those orders in probate are appealable that are made so by section 1240 of the Probate Code.

We find nothing in that section of the code which gives the right of appeal from such orders as we have before us here. As the appeal must be dismissed we do not need to consider the cause on its merits.

The appeal is dismissed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 26, 1947. Carter, J., voted for a hearing.