[S. F. No. 8301. In Bank.—April 1, 1918.]

ROCKRIDGE PLACE COMPANY (a Corporation), Petitioner, v. CITY COUNCIL OF THE CITY OF OAKLAND et al., Respondents.

SUPREME COURT—ORIGINAL PROCEEDINGS—MANDAMUS, PROHIBITION, AND CERTIORARI—TRANSFER FROM DISTRICT COURT OF APPEAL—JURISDICTION.—The supreme court has jurisdiction to vacate the decision of a district court of appeal in an original proceeding in *mandamus,* prohibition, or *certiorari* and to transfer the proceeding to the supreme court for determination.

ID.—PETITION FOR TRANSFER—PETITIONER NOT A PARTY TO THE RECORD—POWER OF COURT ON ITS OWN MOTION.—It is immaterial that the petition for a transfer of such an original proceeding from a district court of appeal to the supreme court is made by one not a party to the record, since the supreme court has power to order the transfer on its own motion.

ID.—EFFECT OF ORDER TRANSFERRING PROCEEDING—POWER OF SUPREME COURT AFTER TRANSFER.—When an order transferring an original proceeding from the district court of appeal to the supreme court is made after decision by the district court of appeal and within the time prescribed in the constitution, the matter is transferred to the supreme court for a determination of all material questions involved therein to the same extent as if originally instituted in the supreme court.

ID.—PRACTICE ON GRANTING HEARING—MATTERS CONSIDERED—RECORD.—In considering petitions for hearing in the supreme court in such cases, the practice established by that court, in considering petitions for a hearing of appeals, required by the constitution to be taken to a district court of appeal, under which it will not look into the record, but will consider only the opinion of the district court of appeal, is confined to appeals, and does not extend to original proceedings instituted in a district court of appeal.

STREET IMPROVEMENTS—REASSESSMENT BY CITY COUNCIL AFTER APPEAL BY PROPERTY OWNERS—ASSESSMENT IN PROPORTION TO BENEFITS.—In a street improvement proceeding under the Street Improvement Act of 1911 (Stats. 1911, p. 730), where on an appeal by certain property owners to review the assessment made by the superintendent of streets, the city council deducted from the assessment an amount equal to fifty cents a running foot on the lots of the appealing lot owners and added the gross amount of the deduction to the assessment of the other lots in the district benefited, in such manner that the approximate increase on those lots amounted to $0.0006 per square foot of area, it does not follow that the assess-

ment was not made by the council solely with reference to the benefit to each lot.

ID.—FINDING OF CITY COUNCIL—EFFECT.—Where the resolution of the city council required the street superintendent to assess the gross sum of the cost of the work and expenses (stating the amount) upon the several lots, "upon each respectively in proportion to the estimated benefits," etc., and stated that the council "finds and decides and determines that said several lots . . . are benefited by said work and improvement in the proportions and in the amounts set forth" in a table of assessments therein set forth, the supreme court, in the face of such finding, unassailed by anything in the record, cannot in a proceeding in *certiorari* say that the assessment was not made in accordance with the rule of apportionment prescribed by the statute.

ID.—CONSTITUTIONAL LAW—VALIDITY OF ACT OF 1911—ASSESSMENT IN PROPORTION TO BENEFITS.—The Improvement Act of 1911 (Stats. 1911, p. 730), providing in section 4 in effect that the city council may charge the expense of the work on the district declared in the resolution of intention to be "benefited by the work and improvement," and providing in section 20 that it shall assess the cost of the work "upon the several lots . . . in proportion to the *estimated* benefits to be received by each of said several lots," is not unconstitutional.

APPLICATION originally made to the District Court of Appeal of the First Appellate District for a Writ of Certiorari to a resolution of the City Council of Oakland in a street improvement proceeding.

The facts are stated in the opinion of the court.

C. Irving Wright, and F. E. Boland, for Petitioner.

Wm. H. O'Brien, and Johnson & Shaw, for Respondents.

ANGELLOTTI, C. J.—This is a proceeding in *certiorari* to review a resolution of the city council of the city of Oakland, adopted December 28, 1915, directing a reassessment of the lands liable for a certain street improvement, and prescribing the amount of assessment as to each parcel of land within the assessment district. The proceeding was instituted November 10, 1916, in the district court of appeal of the first appellate district. Judgment was given by that court annulling the resolution. Within sixty days thereafter this court vacated said decision and judgment and

granted a hearing herein. The only petition filed herein asking for such action was one filed by Marsh Bros. & Gardenier, Inc., a corporation, which was not technically a party to the *certiorari* proceeding, but which was a party in interest, being the street contractor in whose favor the assessment was made.

The claim that this court was without power to vacate the decision of the district court of appeal in this matter, and to transfer the same to this court for determination, is sufficiently answered by what is said in the *Matter of Wells,* 174 Cal. 467, [163 Pac. 657]. As to proceedings in *mandamus,* prohibition, and *certiorari* originally instituted in a district court of appeal this court has many times made such orders, and the uniform practice in that regard is fully sustained by the opinion in the case cited. It is immaterial that the only petition for such action by this court was by one not made a party to the proceeding. This court has the power to make such an order on its own motion. When such an order is made within the time prescribed in the constitution the decision of the district court of appeal is vacated and the matter is transferred to this court for a determination of all the material questions involved therein, to the same extent as if originally instituted in this court. It is also immaterial that the opinion of the district court of appeal may not show any error upon its face, when considered without regard to the record. The practice established by our decisions (*People* v. *Davis,* 147 Cal. 346, [81 Pac. 718]; *Burke* v. *Maze,* 10 Cal. App. 206, 215, [101 Pac. 438, 440]; *Rauer's Law etc. Co.* v. *Berthiaume,* 21 Cal. App. 670, 675, [132 Pac. 596, 833]), to the effect that in considering petitions for a hearing in this court of appeals required by our constitution to be taken to a district court of appeal, we will consider only the opinion of that court and will not look into the record, is confined to appeals, and has never been extended to original proceedings instituted in such courts. There are material differences between the two classes of matters, which, to our minds, preclude any such extension of the practice, or, at least, render it inadvisable to declare any such rule as to original proceedings instituted in a district court of appeal. There is no question of power involved in this regard. The power exists as to all matters, and has been exercised in this particular matter, with the

result that the proceeding is now here for determination on its merits.

We will concede, for the purposes of the decision, that this proceeding should not be dismissed for laches, or because of the claim that petitioner, before instituting the same, in common with others, resorted to an action in equity to enjoin proceedings under the assessment and prosecuted the same to judgment, with the result that judgment was given against it and its coplaintiffs on the merits.   We will concede, purely for the purposes of the decision, that *certiorari* will lie to review an assessment levied on property for street improvements, and come at once to a discussion of the claim of petitioner that the assessment ordered herein is on its face in excess of the jurisdiction of the city council and void.

The street improvement work here involved was work on portions of two intersecting streets, and was done under the provisions of the so-called Street Improvement Act of 1911 (Stats. 1911, p. 730).   The work and improvement being in the opinion of the council of more than local or ordinary public benefit, the district benefited was described, and it was ordered that the cost and expense be chargeable against and assessed upon said district.   Under the law it was required that the assessment on the several pieces and parcels of land within the district be in proportion to the estimated benefits to each lot.   The work was done by the contractor and accepted by the superintendent of streets, who made his assessment for the cost of the work with incidental expenses, $27,978.68, upon the various lots of land in the district, 447 in number.   An appeal was made by certain property owners to the council to review the assessment.   The appeal was heard and the council gave its decision by the resolution here assailed, wherein the amount to be assessed against each lot in the district was specified.   The sole point made against the resolution and the assessment thereby ordered is that the council did not take into consideration the proportion of benefits to be derived by each of the several lots and make the assessment accordingly, but, by said resolution, arbitrarily apportioned a portion of the cost without regard to benefits.   The particular charge in this behalf is that the council deducted from the assessment theretofore made by the superintendent of streets on the several lots fronting on Chabot Road the sum of fifty cents per running foot, amount-

ing (according to petitioner's brief) to $4,462.03, and added this to the assessment against all of the lots in the district in proportion to the area of each of said lots, the charge by reason thereof being (according to petitioner's brief) $0.0006 per square foot, and increasing petitioner's assessment from $652.50 to $663.27.

It may be admitted that an analysis of the assessment made by the street superintendent and that ordered by the council on appeal shows that the effect of the action of the council was that as to each lot fronting on Chabot Road the street superintendent's assessment was reduced by an amount equal to fifty cents per running foot, less approximately $0.0006 per square foot or area, and that the assessment on each of the other lots in the district was increased approximately $0.0006 per square foot of area. Also that the deduction of fifty cents per running foot on Chabot Road aggregates $4,462.03, and that $0.0006 per square foot aggregates in the whole district approximately the same amount. But it does not follow that alleged "mathematical demonstration," as it is called by learned counsel, of the method adopted by the council in apportioning the assessment, that the assessment was not made by the council solely with reference to the benefit to each lot, and does not represent the best judgment of that body as to the amount that should be charged against each lot under that method of apportionment. Certainly there is in this proceeding no showing to the contrary, and the situation portrayed by the record is not such that we can say that there was even any error of judgment in the apportionment. The return to the writ shows that the council gave much time to the hearing of the appeal, the same being considered at several sessions, at which the parties interested were given the opportunity to be heard and were in fact heard. The minutes disclose that the sworn testimony of witnesses was received, and the resolution here assailed so states in terms. The nature of this testimony does not appear, as no record was kept thereof, the law not requiring any such record. Certainly it will not be presumed that this testimony was not sufficient to support the conclusion of the council. The resolution in terms requires the superintendent of streets to assess the sum of $27,978.68 upon the several lots, "upon each respectively in proportion to the estimated benefits to be received by each of said several

lots," and states that "this council hereby finds and decides and determines that said several lots . . . are benefited by said work and improvement in the proportions and in the amounts set forth in the table of assessments hereinafter set forth." In the face of this finding, unassailed as it is by anything in the record, it cannot be said here that the assessment was not made in accord with the rule of apportionment prescribed by the statute. The "mathematical demonstration" of learned counsel is simply a demonstration of the facts we have already admitted. Those facts are entirely consistent with a conclusion that it was correctly decided by the council that, in order to make the assessment one according to the benefit to the several lots, it was necessary to charge against each lot the exact amount specified in the resolution. That the amounts so charged are, in so far as the $4,462.03 is concerned, the same as would have been obtained by the method which counsel contends was in fact adopted, but as to the adoption of which there is no showing in the record other than that they are the same, is entirely beside the question. It certainly cannot be held upon the record before us that under no conceivable conditions could the several lots be benefited in the proportion stated by the assessment, or that the assessment is void on its face.

A question is raised as to the constitutionality of the Improvement Act of 1911, the claim being that it does not provide for an assessment of the lands in the district in accordance with the benefits to be actually received by such lands from the work, but only provides for an assessment in proportion to the estimated benefits. The act provides (section 4) that the city council may make the expense of the work chargeable upon a district, which, in its resolution of intention, it shall declare "to be the district benefited by said work and improvement," etc., and (section 20) that it shall assess the cost of the work upon the several lots in the assessment district benefited thereby, "upon each respectively, in proportion to the estimated benefits to be received by each of said several lots," etc. Full opportunity is required to be given to the property owners to be heard with respect to the proposed work and the extent of the district, prior to any order for the doing of the work, and after the assessment is made they have the opportunity to be heard as to the amounts charged against their respective lots. It is

apparent, of course, that if the district created by the city council comprises all the land to be actually benefited by the proposed work, which is the manifest design of the act, and if this "benefit" to the land embraced in the district exceeds the cost of the work, an assessment of the cost upon the several lots in the district "upon each respectively in proportion to the estimated benefits," etc., is an assessment upon each lot in accordance with the benefits received by it from the work. The point appears to be that the cost of the work which is to be assessed against the lands of the district may exceed the benefit, with the result that the assessment on those lands while *in proportion* to the benefits may not be *in accord* with the benefits accruing to each lot from the work. We do not think the act, fairly read, so contemplates or provides. When it provides for the establishment of "the district *benefited* by said work," it contemplates a district that will in fact be *benefited* by the completion of the proposed improvement under the terms of the act, including the imposition of the cost thereof upon the lands of the district. If this be the proper construction of the act in this regard, as we think it is, the objection made is without force. That the *exact* cost of the proposed work is not known until after the establishment of the district, is unimportant. It can be approximately determined with sufficient certainty to avoid the possible condition suggested by counsel. There is no suggestion that any such condition exists in the case at bar.

The proceeding is dismissed.

Sloss, J., Victor E. Shaw, J., *pro tem.,* Wilbur, J., and Melvin, J., concurred.

Rehearing denied.

In denying the rehearing, the court filed the following opinion on May 1, 1918:

THE COURT.—The petition for a rehearing is denied.

In denying a rehearing we deem it proper to say that we do not consider the points made by the petitioner relative to the alleged damage to its property resulting from the grading to the official grade available in this proceeding. (See

*Duncan* v. *Ramish,* 142 Cal. 693, 694, [76 Pac. 661]; *Hornung* v. *McCarthy,* 126 Cal. 17, [58 Pac. 303]; *Engebretson* v. *Gay,* 158 Cal. 27, [109 Pac. 879].)