[Civ. No. 11890. Second Appellate District, Division Two.—December 17, 1938.]

BLANCHE B. MASHBIR, Respondent, v. SIDNEY FORRESTER MASHBIR, Appellant.

Dockweiler & Dockweiler for Appellant.

Overton, Lyman & Plumb and P. B. Plumb, Jr., for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover a sum of money allegedly due under a separation agreement defendant appeals.

The material facts are:

Plaintiff's complaint alleged in substance that defendant owed her as arrearage under a separation agreement dated October 3, 1926, $10,466. Defendant by his answer denied generally the alleged indebtedness and as an affirmative defense asserted:

". . . that the agreement referred to in plaintiff's complaint, to-wit, the agreement of October 3, 1926, is no longer in force and effect, that on or about March 16, 1937, plaintiff and defendant made and entered into an agreement replacing said agreement of October 3, 1926, by said agreement of March, 1937, that under said agreement of March, 1937, said plaintiff, . . . waived and relinquished any and all rights accrued or accruing to her, the said plaintiff, with respect to any and all sums of money to which she was or thereafter would be entitled under said agreement of October, 1926, and fully released defendant of and from any and all obligations under said agreement of October, 1926."

At the trial defendant offered evidence in support of his affirmative defense as pleaded above. All of the evidence thus offered by defendant was upon motion of plaintiff stricken from the record when defendant had rested his case.

Defendant relies for reversal of the judgment on this proposition:

*It was prejudicially erroneous for the trial court to strike from the evidence all of the testimony and exhibits which defendant had offered in support of his affirmative defense that the parties by an agreement of March 16, 1937, had re-*

*leased defendant from any obligation or obligations created by their agreement of October 3, 1926.*

This proposition is tenable. The law is established that a party is entitled to have received in evidence and considered by the court, before findings of fact are made, all competent, material, and relevant evidence which tends to prove or disprove any material issue raised by the pleadings. In the instant case together with other testimony stricken by the court defendant offered the following evidence.

A letter dated January 14, 1937, from plaintiff to defendant reading in part as follows: "Nearly three years have elapsed since we came to some sort of a temporary financial understanding, which was for the time being and apart from the terms of our permanent contract . . . The understanding was that you would send me $85.00 a month for a period of six months or so . . . You informed Mr. Dixon at the time he was in Washington that you expected to be in very much better financial condition in a couple of years or so and would increase the amount as you were able . . . I cannot help but feel you have arrived at the point where you can allow more than $85.00 a month . . . Hoping that you will . . . try to comply with my reasonable request . . . (signed) Blanche."

Telegraphic reply dated January 18, 1937, wherein defendant asked plaintiff that if he paid her $125 per month would she cancel past accumulations.

A telegram from plaintiff to defendant dated January 19, 1937, wherein she stated that she would require further time to consider his proposal, and containing this statement: "Suggest you commence payment at increased rate mentioned your wire to be credited on account until modification if any agreed to between us."

A telegram of January 21, 1937, from defendant to plaintiff, in which he stated that he was mailing the regular remittance of $85 and was awaiting the modified contract mentioned in her telegram of January 19, 1937.

A letter dated February 26, 1937, from plaintiff's attorneys to defendant, demanding full payment of the alleged arrearage under the property separation agreement dated October 3, 1926. This letter, however, offered on behalf of plaintiff to accept in lieu of any balance due her under the

agreement of October 3, 1926, the performance of certain conditions by defendant and the letter fully outlined these conditions.

A telegram dated March 15, 1937, from plaintiff to defendant's attorneys reading thus: "Your wire twelfth identical with your preceding proposal and still as unacceptable Stop Have heretofore informed you one twenty five entirely inadequate Stop After careful consideration Mrs. Mashbir authorizes us to make following concessions She will waive accumulations provided you pay her punctually one fifty per month maintain life policies per our letter twenty sixth ultimo and bear reasonable and necessary expense boys college education regardless locality college Stop This her final determination and unless we have your acceptance of terms as herein outlined without any modification whatever by March eighteenth will proceed according to concluding paragraph our last letter."

A telegram dated March 16, 1937, from defendant to plaintiff's attorneys reading thus: "I accept terms as outlined in your telegram March fifteenth Stop Air mail necessary papers without delay."

Testimony that defendant left Washington on a business trip en route to the Orient and stopped in Los Angeles, where he met with plaintiff and her attorney and signed in duplicate an agreement embodying the terms set forth in the letter of February 26, 1937, from plaintiff's attorneys to defendant; that both copies of the agreement, at the suggestion of plaintiff's attorneys were left with him pending the examination of a life insurance policy which defendant had obtained pursuant to the terms of the parties' modified agreement with the understanding that, if the insurance policy was satisfactory to plaintiff, defendant would receive a signed copy of the agreement upon his return from the Orient; that thereafter the insurance policy was examined by plaintiff and her attorneys and returned to defendant's office in Washington without complaint or objection; that upon defendant's return from the Orient he was served with a notice of rescission of the contract which the parties had entered into predicated upon the alleged fraud of defendant in misrepresenting his financial condition.

All of the foregoing evidence was competent, relevant, and material. It had a tendency to prove the affirmative defense

alleged by defendant that the separation agreement between the parties dated October 3, 1926, had been superseded by another agreement of March 16, 1937. This evidence therefore should have been received by the court and given due consideration before findings of fact were made.

 There is no merit in the contention that the error is not prejudicial within the purview of article VI, section 4½ of the Constitution of the State of California. As the record is presented to this court the trial court did not consider the evidence as set forth above before making its findings of fact, and we cannot say that, had the trial court received the excluded evidence and given it due consideration, a different result would not have ensued.

For the foregoing reasons the judgment is reversed.

Crail, P. J., and Wood, J., concurred.