[S. F. No. 16420.   In Bank.—May 27, 1940.]

IRENE E. MORAN, Petitioner, v. DISTRICT COURT OF APPEAL, THIRD APPELLATE DISTRICT, Respondent.

McAllister & Johnson and J. W. Dignan for Petitioner.

Johnson & Curtright, P. H. Johnson and C. K. Curtright for Respondent.

SHENK, J.—This is a proceeding in *certiorari* to annul an order of the District Court of Appeal, Third Appellate District.

In an action pending in the Superior Court in and for the County of Sacramento, entitled *Irene E. Moran*, Plaintiff, v. *Arthur R. Moran*, Defendant, the plaintiff sought a divorce on the ground of extreme cruelty. The defendant husband answered and filed a cross-complaint, in which he alleged that the purported marriage between himself and the plaintiff was void for the reason that the plaintiff was formerly married to Paul R. Hendricks, who is still alive, and from whom she had not been divorced. The defendant prayed that the plaintiff be denied a divorce and that he be granted a decree of annulment.

At the time of the trial of the action, the defendant was unable to locate Hendricks, without whose testimony he was unable to prove the alleged prior and undissolved marriage relationship. An interlocutory decree of divorce was entered in favor of the plaintiff on March 1, 1940, and it was further determined that the defendant take nothing by his cross-complaint. On March 4th the defendant served a notice of motion for a new trial upon several grounds, including newly discovered evidence. In support of the motion an affidavit

was filed in which it was averred that since the divorce case had been determined the defendant had discovered that Paul R. Hendricks resides at Waukegan, Illinois, and that he had refused to make an affidavit concerning his marital status with the plaintiff. On March 11th the defendant applied to the superior court for an order to take the deposition of Hendricks to establish the newly discovered evidence on the motion for a new trial. The application was denied.

On March 15th the defendant served and filed in the respondent District Court of Appeal a notice of motion for a peremptory writ of *mandamus* to compel the superior court to direct the issuance of a commission to take the deposition of Hendricks. After a hearing of the motion and under date of April 4, 1940, the District Court of Appeal handed down its opinion and decision in the matter, concluding with an order as follows: ''The writ of *mandamus* is granted and the court is directed to issue the commission to take testimony as prayed for.'' (*Moran* v. *Superior Court,* 38 Cal. App. (2d) 328 [100 Pac. (2d) 1096].)

On April 23d, the defendant, on notice, moved the District Court of Appeal for an order directing the issuance of the writ of *mandamus* forthwith. This motion was supported by an affidavit stating ''that unless said clerk shall forthwith issue said writ, the whole benefit of said proceeding to petitioner will be lost to him, for the reason that the time within which respondent court has and retains jurisdiction to review and consider said deposition of said witness on motion for a new trial now pending before it, will long since have expired before said commission can be issued and said deposition taken and returned to said court.''

On the hearing of this motion the District Court of Appeal made and entered an order in its minutes in which it was ''directed and ordered that the writ of *mandamus* issue forthwith and that the *remittitur* go down immediately.'' The present proceeding is an attack on that order, and the question is whether the District Court of Appeal exceeded its jurisdiction in directing the immediate effectiveness of said writ.

Prior decisions disclose that the question is not an open one in this state. (*People* v. *District Court of Appeal,* 193 Cal. 19 [222 Pac. 353].) It was there held that since the creation of the District Courts of Appeal in 1904, a proceeding in

*mandamus* has been deemed a "cause", as that term was used in the following portion of section 4 of article VI of the Constitution, as originally adopted in 1904:

"The Supreme Court shall have power to order . . . any cause pending before a district court of appeal to be heard and determined by the Supreme Court. The order last mentioned may be made before judgment has been pronounced by a district court of appeal, or within thirty days after such judgment shall have become final therein. The judgments of the district courts of appeal shall become final therein upon the expiration of thirty days after the same shall have been pronounced."

The foregoing language was continued in effect, so far as *mandamus* proceedings are concerned, as a part of section 4c of article VI, as adopted in 1928.

■ The order of the respondent District Court of Appeal of date April 4, 1940, directing that a writ of *mandamus* issue as prayed was unquestionably a "judgment" in that proceeding, as contemplated by the constitutional provision, and since the proceeding was a "cause" under the same provision, the judgment did not become final in the District Court of Appeal until the expiration of thirty days after its pronouncement on April 4, 1940. During the next thirty-day period the cause was subject to transfer to this court, as in the Constitution provided. In the absence of a transfer, the judgment of the District Court of Appeal could not be enforced until the expiration of sixty days from and after its pronouncement, and therefore the *remittitur* could not issue from that court until the expiration of that period. If a transfer to this court be made, the cause is removed from the jurisdiction of the District Court of Appeal and is then pending in this court the same as if originally lodged here.

It follows that the respondent District Court of Appeal exceeded its jurisdiction in attempting to make its judgment directing the writ of *mandamus* effective immediately, and the order of April 23, 1940, purporting to do so, must be set aside.

The order is annulled.

Curtis, J., Spence, J., *pro tem.*, Carter, J., and Gibson, J., concurred.