[Civ. No. 15396.   Second Dist., Div. Two.   Oct. 3, 1946.]

MERCEDES J. BOLE, Respondent, v. ROBERT B. BOLE, Appellant.

James M. Gammon for Appellant.

Clark and Morgan for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff in an action for divorce predicated on the ground of mental cruelty, defendant appeals*.

The essential facts are these:

Plaintiff filed an action for divorce predicated upon the ground of mental cruelty. The principal testimony at the trial concerned what occurred at a party on April 9, 1944, at the home of plaintiff and defendant. Plaintiff introduced evidence tending to prove that defendant was drunk and quarrelsome on that occasion. Defendant denied the accusations and subpoenaed his 9-year-old son who was present at the party. Plaintiff who had the custody of the boy refused to produce him in court and the trial judge refused to require the boy to appear; whereupon defendant offered to prove by the testimony of his son that defendant was not drunk at the time claimed by plaintiff and that others at the party struck defendant. The trial judge in spite of this offer of proof refused to require the boy to attend the trial and testify.

Plaintiff also in support of her allegations of mental cruelty offered testimony tending to prove that defendant refused to permit his mother-in-law to come to their home. Defendant admitted that he objected to his wife's mother coming to their home and gave as his reason that she was a woman of immoral character given to telling dirty stories and was not fit morally to associate with children. The trial court refused defendant's offer of evidence tending to prove that plaintiff's mother was not a proper person to associate with children.

This is the sole question necessary for us to determine:

*Did the trial court commit prejudicial error in refusing to (1) require plaintiff to bring her son into court as a witness for defendant pursuant to the subpoena served upon the boy and (2) admit evidence offered by defendant tending to show the character of his mother-in-law?*

This question must be answered in the affirmative. ▪ A party is entitled to have received in evidence and considered

---

*It should be noted that plaintiff has not favored this court with a brief or oral argument.

by the court, before findings of fact are made, all competent, material, and relevant evidence which tends to prove or disprove any material issue raised by the pleadings. (*Mashbir* v. *Mashbir,* 29 Cal.App.2d 733, 735 [85 P.2d 482] ; *West Coast L. Ins. Co.* v. *Crawford,* 58 Cal.App.2d 771, 774 [138 P.2d 384]. See, also, 64 C.J. (1933) Trial, § 113, p. 110.)

In the instant case the evidence excluded by the trial court was competent, relevant and material.

(1) The testimony of the son as indicated by the offer of proof would have corroborated defendant's testimony that he was not intoxicated as was to be inferred from the testimony of plaintiff and her mother.

(2) The offered testimony relative to the character of plaintiff's mother, if believed by the trial judge, would have been a sufficient justification for the alleged mental cruelty inflicted upon plaintiff by defendant in refusing to permit the mother-in-law to come to his home.

Refusal of the trial court to receive the evidence offered by defendant was obviously prejudicial to defendant's case.

For the foregoing reasons the judgment is reversed.

Moore, P. J., and Wilson, J., concurred.

A petition for a rehearing was denied October 21, 1946.