[S. F. No. 19283.   In Bank.   Oct. 11, 1956.]

S. A. PONCE, Respondent, v. ETHEL RUTH MARR, Appellant.

John J. Fahey, Jr., for Appellant.

William A. Finger for Respondent.

SHENK, J.—This cause was transferred to this court on its own motion. A trial in the Superior Court in and for the County of San Mateo resulted in a judgment for the plaintiff. On appeal the judgment was reversed by the District Court of Appeal. (*Ponce* v. *Marr,* (Cal.App.) 295 P.2d 43.) A hearing was ordered because of the italicized portion of the following quotation concerning the continuing effect of an opinion and decision of the District Court of Appeal after an order of transfer to this court:

"An excellent explanation of the distinction between an attempt to show the terms of an instrument by secondary evidence, which attempt properly would be denied under the best evidence rule, and the producing of oral evidence although written evidence also exists, is given in the case of *Altramano* v. *Swan* (Cal.App.), 119 P.2d 401. That case does not appear in the California Appellate Reports because the Supreme Court granted a hearing. (*Altramano* v. *Swan,* 20 Cal.2d 622 [128 P.2d 353].) The Supreme Court came to the same conclusion as the District Court of Appeal as to the disposition of the cause, but did not mention the point of evidence; *however, since the cause was remanded for further trial and since the District Court of Appeal had made its ruling on the point of evidence specifically for the guidance of the trial court at the new trial, and the Supreme Court*

*did not interfere with that ruling, the ruling may be regarded as authoritative."*

The emphasized language in the foregoing quotation is not a correct statement of the law and, if allowed to stand, would result in confusion with reference to the subject. It therefore seems necessary to reiterate that the effect of an order of transfer to this court is to remove the cause in its entirety from the District Court of Appeal. Thereafter it is pending in this court the same as if originally lodged here. (*Moran* v. *District Court of Appeal,* 15 Cal.2d 527, 530 [102 P.2d 1079]; *Stierlen Estate,* 199 Cal. 140, 144 [248 P. 509]; *Rockridge Place Co.* v. *City Council,* 178 Cal. 58, 60 [172 P. 1110].) Again it was stated in *Knouse* v. *Nimocks,* 8 Cal.2d 482, at page 483 [66 P.2d 438]: "The opinion and decision of the District Court of Appeal, by our order of transfer, have become a nullity and are of no force or effect, either as a judgment or as an authoritative statement of any principle of law therein discussed. . . . [W]ithout some further express act of approval or adoption of said opinion by this court, that opinion and decision are of no more effect as a judgment or as a precedent to be followed in the decision of legal questions that may hereafter arise than if they had not been written." (To the same effect see *Estate of Kent,* 6 Cal.2d 154, 156 [57 P.2d 901]; *E. J. Stanton & Sons* v. *County of Los Angeles,* 78 Cal.App.2d 181, 193 [177 P.2d 804].)

From the foregoing it necessarily follows that upon the transfer to this court of the case of *Altramano* v. *Swan* referred to in the above quoted paragraph from the opinion of the District Court of Appeal that case ceased to be authoritative in any sense as a precedent. Likewise the decision and opinion of the District Court of Appeal in the present case has been rendered a nullity and of no force and effect by the order of transfer to this court.

On the merits of the appeal it appears that the plaintiff, S. A. Ponce, as administrator of the estate of his deceased father, commenced the action to cancel a deed which the decedent had delivered to the defendant, Ethel Ruth Marr. The complaint alleged and the plaintiff sought to prove that the deed in question was delivered to the defendant by reason of the fraudulent representation to the elderly grantor that she would care for and nurse him during his declining years. The defendant denied that she had made such an agreement,

claiming that the deed was delivered in consideration of certain prior services performed by her for which she had not been paid. To rebut that assertion and to impeach the defendant's testimony the plaintiff offered in evidence a number of cancelled checks which on their face indicated payments of money from the decedent to the defendant and claimed by the plaintiff to be in consideration for the services performed by the defendant. As a witness in her own behalf the defendant attempted to explain the payments indicated by the checks. Prior to their introduction she had admitted that she had obtained a loan from the decedent. She testified that a particular check in the amount of $200 was a loan to be used in adding a room to her home and that the loan had been repaid. She stated: "I think there should be a cancelled note."

At that point the plaintiff's counsel moved that the defendant's testimony be stricken on the ground that it was not the best evidence. The court granted the motion, but it is not clear whether the evidence was rejected on the ground that it violated the best evidence rule or that the court found it, so far as it went, unworthy of belief and decided to hear no more on the same subject. The defendant's counsel unsuccessfully attempted to introduce evidence in explanation of the other checks. Judgment for the plaintiff was directed from the bench and it is apparent from the record that if the evidence of the defendant thus tendered was improperly rejected the error was prejudicial to her cause.

█ The parol explanation that the first check was a loan and the offer of similar explanations as to other checks were not in violation of the best evidence rule as there was no attempt to show by parol the terms of a written instrument. The defendant was attempting to testify as to claimed repayments, and she should not be foreclosed from doing so by the existence of a written instrument which also would show the fact sought to be proved. █ The existence of the writing was collateral to the issue of repayment and we "understand the rule to be that where the question is not as to the contents of a writing, but as to whether one has been made or not, and the question comes collaterally in issue, it may be proved by parol." (*Marriner* v. *Dennison,* 78 Cal. 202, 213 [20 P. 386]; see also *People* v. *Skeen,* 93 Cal.App.2d 489, 491 [209 P.2d 132]; Wigmore on Evidence, 3d ed., vol. IV, p. 485.)

If, on the other hand, the court excluded the defendant's testimony relating to the checks because it found it to be unworthy of belief, there was error in doing so. Without suggesting that the court did not have the right to disbelieve the defendant or to reject her testimony after hearing it, still she should not have been deprived, for that reason alone, of her right to present such testimony. Her further testimony may have satisfied the court that the other checks could be properly explained and may have caused the court to alter its opinion as to the first check. The defendant was entitled to a complete hearing, and to produce all relevant, competent and material evidence on any material issue. (*Lawless* v. *Calaway*, 24 Cal.2d 81, 92 [147 P.2d 604]; *Foster* v. *Keating*, 120 Cal.App.2d 435, 451 [261 P.2d 529]; *Bole* v. *Bole*, 76 Cal.App.2d 344, 345-346 [172 P.2d 936]; *Mashbir* v. *Mashbir*, 29 Cal.App.2d 733, 735 [85 P.2d 482].)

A complete offer of proof by the defendant was rendered unnecessary as the court made it clear that additional testimony in explanation of the checks would not be received. (*Tomaier* v. *Tomaier*, 23 Cal.2d 754 [146 P.2d 905]; *Caminetti* v. *Pacific Mut. Life Ins. Co.*, 23 Cal.2d 94, 100 [142 P.2d 741].)

The judgment is reversed.

Gibson, C. J., Carter, J., Traynor, J., Schauer, J., Spence, J., and McComb, J., concurred.